UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAXIMO DIAZLEAL-DIAZLEAL,

              Petitioner,

v.

JAMES KEY,

              Respondent.

Case No. 2:21-cv-00068-JCC-TLF

ORDER DENYING MOTION TO APPOINT COUNSEL AND RE-NOTING MOTION TO PRODUCE TRIAL TRANSCRIPTS

This matter is before the Court on petitioner's motion to appoint counsel and for the production of trial transcripts. Dkt. 15. Respondent opposes the motion. Dkt. 16. Petitioner has replied. Dkt. 17.

**A.    Motion for Counsel**

Petitioner requests the appointment of counsel, contending that he is not conversant in English and has had limited law library access due to restrictions arising out of the COVID 19 pandemic. Dkt. 15 at 2–3.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Id*., 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

ORDER DENYING MOTION TO APPOINT COUNSEL
AND RE-NOTING MOTION TO PRODUCE TRIAL
TRANSCRIPTS - 1

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

The Court finds that this matter does not present exceptional circumstances supporting the appointment of counsel. The issues here are not particularly complex, and petitioner has effectively articulated his grounds for relief in the petition, as well as his requests in the pending motion. In particular, there is no indication in petitioner's filings that his ability to pursue this action has been impaired by any language difficulties. Furthermore, any challenges posed by difficulties accessing law library resources can be addressed by an extension of time, to which respondent has not objected. Finally, the Court has not determined that an evidentiary hearing is required.

The Court finds that petitioner has not shown that appointment of counsel is appropriate at this time. Accordingly, the petitioner's motion for the appointment of counsel is denied without prejudice.

**B.      Production of Transcripts**

Petitioner has also moved for "discovery"—but his motion makes clear that what he actually seeks is the production of the transcripts of his trial. Dkt. 15 at 2. Respondent argues that the transcripts are not relevant to the resolution of petitioner's habeas claims. Dkt. 16 at 3. Specifically, respondent argues that petitioner has failed to

ORDER DENYING MOTION TO APPOINT COUNSEL
AND RE-NOTING MOTION TO PRODUCE TRIAL
TRANSCRIPTS - 2

properly exhaust three of his claims and the remaining claim is legally deficient—and the trial transcripts are therefore not relevant to the resolution of any of the claims. Dkt. 16 at 3.

The Court agrees that if respondent's arguments prevail, there will be no need to reach the underlying merits of petitioner's claims and the trial transcripts would be unnecessary. It is premature to decide at this time the validity of respondent's arguments. Accordingly, the Court will re-note petitioner's motion for production of the transcripts for consideration at the same time as the petition.

**C.    Conclusion**

The Court Orders as follows:

(1) Petitioner's motion for the appointment of counsel is DENIED without prejudice.

(2) Petitioner is granted an extension until September 20, 2021 to file his Traverse; the Clerk shall RE-NOTE the petition for September 24, 2021.

(3) Petitioner's motion for the production of trial transcripts shall be RE-NOTED for September 24, 2021.

Dated this 3rd day of August, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL
AND RE-NOTING MOTION TO PRODUCE TRIAL
TRANSCRIPTS - 3