UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAXIMO DIAZLEAL-DIAZLEAL,

            Petitioner,

v.

JAMES KEY,

            Respondent.

Case No. 2:21-cv-00068-JCC-TLF

ORDER APPOINTING COUNSEL AND DENYING AS MOOT PETITIONER'S MOTION FOR DISCOVERY

This matter is before the Court on petitioner's previously filed motion to appoint counsel and for the production of trial transcripts (Dkt. 15) and the recently filed Declaration of Charles Longshore (Dkt. 19). Upon review of the Declaration, the Court *sua sponte* reconsiders its prior order denying petitioner's motion to appoint counsel (Dkt. 18) and will appoint the Federal Public Defender to represent petitioner in this matter. In addition, as petitioner has now filed the transcripts of his trial (Dkt. 20), the Court denies as moot the portion of the motion that sought their production.

A.    <u>Request for Production of Trial Transcripts</u>

The branch of petitioner's motion requesting discovery sought only the production of the transcripts of his trial. Dkt. 15 at 3–4. Respondent argued that the transcripts were not relevant to the resolution of petitioner's habeas claims because the claims failed for procedural reasons. Dkt. 16 at 3. The Court concluded that if respondent's procedural arguments were to prevail, the transcripts would be unnecessary; the Court therefore deferred consideration of whether the transcripts

should be produced until its decision on the merits of respondent's arguments. Dkt. 18 at 3. However, petitioner has since obtained the transcripts on his own, and has filed them. Dkt. 20. Petitioner's motion for discovery has therefore become moot. The portion of petitioner's motion (Dkt. 15) that seeks discovery is therefore DENIED as moot.

B.  Motion for Counsel

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Id*., 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

In his motion, petitioner contended he was not conversant in English and has had limited law library access due to restrictions arising out of the COVID 19 pandemic. Dkt. 15 at 2–3. The Court found that petitioner had not established exceptional circumstances, because the issues presented in this matter were not particularly

ORDER APPOINTING COUNSEL AND DENYING AS
MOOT PETITIONER'S MOTION FOR DISCOVERY - 2

1 complex, law library access issues could be addressed through an extension of time
2 (which the Court granted) and petitioner had, to date, been able to effectively articulate
3 his grounds for relief in both his petition and his motion notwithstanding any language
4 difficulties he might have had. Dkt. 18 at 2. Furthermore, the Court has not determined
5 that an evidentiary hearing is required. Accordingly, the Court denied the motion for
6 counsel without prejudice. *Id*.

7     On August 6, 2021, petitioner filed the Declaration of Charles Longshore, a fellow
8 prisoner. Dkt. 19. Mr. Longshore declares that petitioner cannot speak or understand
9 English and states that as a result Mr. Longshore had assisted petitioner in the
10 preparation of his legal papers in this matter. *Id*. at 2. Mr. Longshore states that he is no
11 longer able to assist petitioner because they are no longer housed together, and
12 because Mr. Longshore is no longer permitted to prepare legal documents for inmates
13 due to his recent appointment to a job in the prison law library. *Id*. at ¶ 5. As a result, Mr.
14 Longshore is no longer assisting the petitioner in this matter. *Id*. at 7. The Court notes
15 that the September 20, 2021 deadline for petitioner to file his Traverse has passed and
16 petitioner has not filed any response to respondent's Answer.

17     The Court concludes that, without the assistance petitioner previously received
18 from Mr. Longshore, petitioner's inability to read and write in English causes him to be
19 unable to respond to respondent's briefing and prevents him from effectively articulating
20 his claims. Accordingly, while the Court has not determined that petitioner is likely to
21 succeed on the merits of this case or that an evidentiary hearing is necessary, the Court
22 finds the interests of justice require that petitioner be appointed counsel to ensure that
23 he understands and can respond to the arguments presented in respondent's Answer.
24
25

ORDER APPOINTING COUNSEL AND DENYING AS
MOOT PETITIONER'S MOTION FOR DISCOVERY - 3

Accordingly, the Court **appoints the Federal Public Defender for the Western District of Washington (FPD) for Petitioner.** The Clerk shall provide a copy of this Order to: Michael Filipovic, Federal Public Defender, Federal Public Defender's Office, 1601 Fifth Avenue, Suite 700, Seattle, Washington 98101.

As newly appointed counsel will require additional time to prepare to represent the petitioner, the Court extends the current deadlines in this matter as follows:

- When the attorney for petitioner enters a notice of appearance, petitioner's brief responding to the State's answer must be filed within 30 days after the notice of appearance is filed, unless an extension of time is requested for good cause.
- Respondent may reply to petitioner's brief, and that reply will have a deadline of 30 days after the petitioner's brief is filed.

The Clerk of Court is directed to re-note the petition for December 17, 2021.

Dated this 5th day of October, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER APPOINTING COUNSEL AND DENYING AS
MOOT PETITIONER'S MOTION FOR DISCOVERY - 4