THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXIMO DIAZLEAL-DIAZLEAL,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES KEY,<br><br>    Respondent. | CASE NO. C21-0068-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 34) to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Petitioner's objections, ADOPTS the R&R, and DISMISSES petitioner's federal habeas corpus petition (Dkt. No. 3) with prejudice, for the reasons explained herein.

The facts and procedural history of this case are described in detail in Judge Fricke's R&R, (*see generally*, Dkt. No. 29 at 1–7), and the Court will not repeat them here. The petitioner presents the Court with the following grounds for habeas corpus relief: (1) the trial court erred when it allowed a police detective to opine favorably on the victim's demeanor during her joint victim interview; (2) the trial court erred by not striking another witness' other bad act testimony; (3) the trial court incorrectly instructed the jury; and (4) the state presented

insufficient to find petitioner guilty of two identical crimes. (Dkt. No. 3 at 5–10.) Judge Fricke recommends this Court dismiss Claims 2 and 3 on two grounds. First, that Petitioner failed to exhaust available state remedies. (Dkt. No. 29 at 8–10); *see* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Second, that the claims are procedurally default. (Dkt. No. 29 at 10–12); *Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Coleman v. Thompson*, 501 U.S. 722, 729–732 (1991). Judge Fricke engaged the merits of Claims 1 and 4, and found Petitioner did not come close to showing the unreasonable application of clearly established federal law or an unreasonable determination of the facts. (Dkt. No. 29 at 15–19). Petitioner objected to Judge Fricke's R&R, but failed to identify any specific issues for review. (*See generally* Dkt. No. 34.)

The Court reviews *de novo* those portions of a R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). A party properly objects by timely filing "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See Simpson v. Lear Astronics Corp*, 77 F.3d 1170, 1175 (9th Cir. 1996); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

Petitioner's objections reiterate the merits of his claims, are filled with conclusory statements, summarize arguments previously presented, point to no specific error by Judge Fricke. (*Compare* Dkt. No. 28, *with* Dkt. No. 34). Thus, they amount to no objection at all, since they do not focus the Court's attention on any specific issues for review. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). They provide the Court without a basis to reject the R&R.

1         For the foregoing reasons, the Court OVERRULES Petitioner's objections, (Dkt. No. 34),
2   ADOPTS Judge Fricke's R&R, (Dkt. No. 29), and DISMISSES Petitioner's habeas petition
3   (Dkt. No. 3). Lastly, because no reasonable jurist could disagree with the findings in Judge
4   Fricke's R&R, the Court DENIES Petitioner's request for a Certificate of Appealability.
5         DATED this 17th day of January 2023.

*[Signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE