THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAXIMO DIAZLEAL-DIAZLEAL,

                      Petitioner,

    v.

JAMES KEY,

                      Respondent.

CASE NO. C21-0068-JCC

ORDER

       This matter comes before the Court on Petitioner's Motion for Reconsideration (Dkt. No. 46) of this Court's order adopting the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, dismissing Petitioner's habeas petition. (Dkt. No. 44.) Having thoroughly considered the relevant record, the Court hereby DENIES the reconsideration motion for the reasons explained herein.

       Motions for reconsideration are generally disfavored. *See* LCR 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Wilcox v. Hamilton Construction, LLC*, 426 F. Supp. 3d 788, 792 (W.D. Wash. 2019) (citations omitted). When a

1   motion for reconsideration is filed after judgment, the requirements for altering or amending a

2   judgment under Fed. R. Civ. P. 59(e) also apply. *See Am. Ironworks & Erectors, Inc. v. N. Am.*

3   *Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Altering or amending a judgment under

4   Rule 59(e) is an "extraordinary remedy" and the moving party bears a "heavy burden." *Inventist,*

5   *Inc. v. Ninebot Inc.*, 2023 WL 2646368, slip op. at 2 (W.D. Wash. 2023) (quoting *Kona Enters.,*

6   *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

7          Here, Petitioner argues the Court committed manifest error by failing to conduct the

8   required de novo review, by not considering specific objections, and by citing to an inapplicable

9   standard. The Court addresses each of these issues in turn.

10          First, Petitioner contends the Court "issued its order without conducting a de novo review

11   of those portions of the report to which Mr. Diazleal-Diazleal objected, in violations of 28 U.S.C.

12   § 636." (Dkt. No. 46 at 1.) Although a district court is required to review a magistrate judge's

13   decision *de novo*, it is not required "to ignore the magistrate judge's recommendations,"

14   *Carpetmaster of Latham, Ltd. v. Dupont Flooring Systems, Inc.*, 12 F. Supp. 2d 257, 260 (N.D.

15   N.Y. 1998), nor is it compelled to "make separate findings of fact or issue an opinion setting

16   forth its own reasoning." *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998). A "brief order

17   expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102

18   F.3d 1564, 1570 (10th Cir. 1996). In this Court's previous order, it stated that it dismissed the

19   objections that reiterate "the merits of [Petitioner's] claims, are filled with conclusory statements,

20   summarize arguments previously presented, [and] point to no specific error by Judge Fricke."

21   (Dkt. No. 44 at 2.) To the extent there were objections which warranted *de novo* review, the

22   Court, "reviewed and considered the parties' briefings and the relevant record before overruling

23   the Petitioner's objections and adopting the R&R." (*Id*. at 1.) For good measure, the Court once

24   again reviewed the record, and found that Petitioner's arguments are without merit. This is

25   sufficient to satisfy the requirements of 28 U.S.C. § 636. *See Baker v. King County Prosecutor's*

26   *Office*, 1992 WL 287145, slip op. at 2 (9th Cir. 1992). Therefore, Petitioner's first argument does

1    not demonstrate manifest error.

2         Second, Petitioner says the Court did not consider "at least four discrete, detailed

3    arguments about analytical errors in the R&R, which were neither relevant to the Reply nor

4    previously briefed by counsel for either party." (Dkt. No. 46 at 1.) These four claims center on

5    the fact that the R&R, and by extension, this Court's decision, addressed the merits of the habeas

6    claim, without first addressing whether the sufficiency claim was exhausted. (*Id*. at 2–3.) This

7    objection fails to consider that the "District Court is not required to address whether a Section

8    2254 claim has been properly exhausted before reaching the merits of the claim." *Colbert v.*

9    *Sinclair*, 2012 WL 12874951, slip op. at 3 (W.D. Wash. 2012). This is because 28 U.S.C.

10   § 2254(b)(2), provides that "[a]n application for a writ of habeas corpus may be denied on the

11   merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts

12   of the State." *Id*. Thus, the Court's decision not to address the exhaustion arguments, and focus

13   on the merits, does not demonstrate manifest error.

14        Moreover, the specific arguments Petitioner raises regarding the merits are primarily a

15   challenge to the state court's adjudication of his claim. (Dkt. No. 46 at 2.) In this regard, the

16   Court applies a "highly deferential standard," which "demands that state-court decisions be given

17   the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v.*

18   *Visciotti*, 537 U.S. 19, 24 (2002)). The "relevant question is whether . . . *any* rational trier of fact

19   could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v.*

20   *Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Despite how Petitioner reframes the

21   challenge to the state court's adjudication, his arguments have been briefed, considered, and

22   rejected at several levels, including the R&R this Court adopted. (Dkt. No. 29 at 7.) The

23   objections to the R&R, and the motion to reconsider, do not present the Court with any new facts

24   or manifestly erroneous applications of law that led to this conclusion. Therefore, Petitioner's

25   second argument does not demonstrate manifest error.

26        Third, Petitioner says the Court improperly relied on Federal Rule of Civil Procedure

1   72(b). (Dkt. No. 46 at 1.) Petitioner is correct that Rule 72(b) does not apply here. *See*

2   *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989) ("Rule 72(b) does not apply to

3   habeas corpus petitions filed under 28 U.S.C. § 2254.") However, the standard cited by the

4   Court—that a "party properly objects by timely filing 'specific written objections' to the

5   magistrate judge's R&R" (Dkt. No. 44 at 2)—is consistent with the applicable rule, 28 U.S.C.

6   § 636, which states that a district court judge "shall make a de novo determination of those

7   portions of the report or specified proposed findings or recommendations to which objection is

8   made." *See also Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006) (citing 28 U.S.C.

9   § 636 for the proposition that a "district court is only required to review de novo those portions

10  of the report to which specific objections have been made" and "need not conduct de novo

11  review 'when a party makes general and conclusory objections that do not direct the court to a

12  specific error in the magistrate judge's proposed findings and recommendations.'") Therefore,

13  there is no error here. *See Riley's American Heritage Farms v. Claremont*, 2020 WL 5792475,

14  slip op. at 3 (C.D. Cal. 2020) ("[A] motion to reconsider should not be granted where an error is

15  found to be harmless."); *see also United States v. Bernard*, 850 F. App'x 840, 841 (4th Cir.

16  2021) (finding that the district court "committed harmless error" when it analyzed defendant's

17  claim under the Federal Rules of Civil Procedure in a criminal case.)

18          For the foregoing reasons, Petitioner's motion for reconsideration (Dkt. No. 46) is

19  DENIED.

20          DATED this 13th day of June 2023.

21

22

23

24          John C. Coughenour
            UNITED STATES DISTRICT JUDGE

25

26

ORDER
C21-0068-JCC
PAGE - 4